IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| PATRICIA OLIVERIO,<br><br>PLAINTIFF,<br><br>V.<br><br>DICK'S SPORTING GOODS, INC.<br><br>DEFENDANT. | CIVIL ACTION NO.<br>3:21-CV-966 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq*., Defendant, Dick's Sporting Goods, Inc., files this Notice of Removal hereby removing the above-styled action to the United States District Court for the Northern District of Florida, Pensacola Division, and respectfully submits to the Court the following:

1. This action was commenced by the filing of a Complaint in the Circuit Court for Escambia County, Florida, on or about July 20, 2021, service of which was perfected on July 23, 2021. The matter is currently pending in said Court as Civil Action Number 2021 CA 002255. (A copy of the State Court Complaint is attached as **Exhibit "A"**).

2. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

3. As set out herein, this Court has original jurisdiction of the action, and the action is removable pursuant to 28 U.S.C. § 1441(a).

4. First, there is diversity of citizenship between Patricia Oliverio and Dick's Sporting Goods, Inc., as required by 28 U.S.C. § 1332 (a) as follows:

    a. **Patricia Oliverio**: Plaintiff Patricia Oliverio is an individual adult citizen of Escambia County, Florida. (See **Exhibit "A", p. 1 ¶ 3**).

    b. <u>**Dick's Sporting Goods, Inc.**</u>: Defendant Dick's Sporting Goods, Inc., is a publicly traded corporation which was incorporated in the State of Pennsylvania and has its principal place of business in Coraopolis, Pennsylvania. (See **Exhibit "A", p. 1 ¶ 4** and Defendant's State Court Answer attached as **Exhibit "B"**).

5. Second, this case is being removed within the one (1) year limitation provided in 28 U.S.C § 1446 (c)(1). (See **Exhibit "A"**).

6. Third, the amount in controversy satisfies the $75,000.00 threshold requirement of 28 U.S.C. § 1332 (a). Although Plaintiff's Complaint does not set forth the exact amount of damages claimed, "Defendants may use a variety of documents, including a written settlement demand, as an "other paper" under 28 U.S.C. § 1446 (b) to determine if the case is removable." *Martin v Mentor Corp.,* 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) (quoting *Essenson v. Coale*, 848 F. Supp. 987, 989-90 (M.D. Fla. 1994); See also *Stewart v. Natl. Specialty Ins. Co.*, 5:20CV244-TKW-MJF, 2020 WL 9071684, at *1 n.1 (N.D. Fla. Oct. 23, 2020) and *Vihar Mgt. LLC v. W. World Ins. Co.*, 5:19-CV-185-MCR-MJF, 2019 WL 8063990, at *4 (N.D. Fla. Aug. 20, 2019). The Eleventh Circuit Court of Appeals further instructs that, "[a] settlement offer can of course constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b))." *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007). In *Martin*, the Court found "Defendant Mentor relied properly on Plaintiffs' Proposal, containing the demand for

$175,000.00, as an "other paper" from which it could determine the case was removable because the amount in controversy requirement was satisfied." *Martin*, F. Supp. 2d at 1349.

7. On May 25, 2021 Plaintiff's counsel submitted a settlement demand substantially higher than $75,000.00. Plaintiff's counsel has retained medical experts who purport to assess Plaintiff's future medical expenses well in excess of $75,000.00. This settlement demand letter and the related materials contain extensive personal protected information regarding the Plaintiff and was not attached an exhibit to this Notice but is available for *in camera* review should the Court so wish.

8. In accordance with the foregoing, Defendant relies on correspondence and demands from Plaintiff and her attorney to determine the amount in controversy requirement is satisfied. Plaintiff alleges that, while walking through Defendant's premises on or about December 21, 2019, slipped on water or similar substance which caused injuries. (See **Exhibit "A"**). Plaintiff further asserts that, based upon these alleged injuries, pain and suffering, medical treatment, significant lost wages, and the traumatic force of the accident, she would prevail at trial and be awarded damages in excess of the insurance policy limits held by Defendant. Based on the value she and her attorney have placed on her case, Plaintiff made a settlement demand for a sum far in excess of the amount in controversy threshold requirement of 28 U.S.C. § 1332 (a). Defendant is aware of cases in which specific demand amounts are disclosed and demand letters are attached as exhibits in removal notices. Defendant is mindful that such was likely disclosed as part of settlement negotiations and that the demand letter contains information subject to HIPAA. Defendant has not included the specific demand amount or the demand letter but may do so, *in camera*, should the Court wish.

9. In summary, compete diversity exists because this is a lawsuit between citizens of different states, Defendant Dick's Sporting Goods, Inc. is not a citizen of the forum state, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, 30 days have not yet expired between the dates Dick's was served and the filing of this notice of removal, and the case is being removed within the one (1) year limitation provided in 28 U.S.C. §1446(c)(1). Accordingly, pursuant to 28 U.S.C. §§1332 and 1441, as amended, this action is properly removed to this Court.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be filed with the clerk of the state court from which this cause was removed.

Respectfully submitted,

*s/William E. Pipkin, Jr.*
William E. Pipkin, Jr., Esq.   (PIPKW5690)
Attorney for Defendant,
Dick's Sporting Goods, Inc.

OF COUNSEL:

Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
Phone: (251) 431-9006
Fax: (251) 431-0555
E-Mail: bpipkin@maplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on August 18, 2021, served a copy of the above and foregoing on counsel for all parties by:

____   Facsimile transmission;
____   Hand Delivery

|       |                                                                                                                      |
|-------|----------------------------------------------------------------------------------------------------------------------|
| ___   | Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to:             |
| _X_   | Using the CM/ECF system which will send notification of such to the following:                                        |

Jonathan B. Minchin, Esq.
Morgan & Morgan, PLLC
Attorney For: Patricia Oliverio
220 West Garden Street
Suite 900
Pensacola, FL  32502
Phone: (850) 316-9075
Fax: (850) 316-9078
Email Address: jminchin@forthepeople.com


                                                *s/William E. Pipkin, Jr.*
                                                William E. Pipkin, Jr.